# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

WAYNE CONTE,

    Plaintiff,

v.

STATE OF NEVADA and Does 1-X,

    Defendants.

Case No. 2:20-cv-01702-RFB-EJY

**ORDER**

## I.  INTRODUCTION

Before the Court are four motions: (1) Plaintiff's Motion for Default Judgment [ECF No. 13], (2) Defendant's Motion to Quash [ECF No. 12], (3) Defendant State of Nevada's Motion to Dismiss [ECF No. 19] and (4) Defendant Sandra Pomrenze's Motion to Dismiss [ECF No. 26].

## II.  ALLEGATIONS

Plaintiff asserts allegations against the State of Nevada and (ret.) Judge Sandra Pomrenze. Plaintiff alleges that he had a case in family court in which Judge Pomrenze was the presiding judge. He alleges that Judge Pomrenze: (1) made erroneous legal rulings, (2) unfairly permitted Plaintiff's attorney to withdraw, (3) caused Plaintiff's military pensio0n to be unlawfully garnished and (4) failed to make reasonable accommodation for Plaintiff's hearing impairment. Plaintiff claims damages in the amount of $100 million.

While the Complaint references several different federal statutes, the Court finds that the Complaint only identifies two potentially applicable statutory bases for a claim—the Americans

with Disabilities Act ("ADA") and Section 1983.[1] The Court's analysis thus applies to these two potential bases for Plaintiff's claims.

Plaintiff filed the Complaint on September 11, 2020 [ECF No. 1] and mailed a copy to the Office of the Attorney General via Federal Express [ECF No. 15]. When the Office of the Attorney General failed to respond to the Complaint, Plaintiff requested a default judgment in his favor [ECF No. 13]. The State thereafter moved to quash service of the Complaint as improper [ECF No. 12] and filed an opposition to Plaintiff's motion for a default judgment [ECF No. 16]. Before the Court ruled on the State's pending motions, Plaintiff personally served a copy of the Complaint upon the Office of the Attorney General [ECF No. 18]. Service occurred on January 6, 2021.

### III.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move for the dismissal of a claim or cause of action when the district court lacks subject matter jurisdiction. In general, the federal district courts lack subject matter jurisdiction over private causes of action against a State of the United States. In fact, the States enjoy sovereign immunity from suit in both state and federal courts. See Alden v. Maine, 527 U.S. 706, 733 (1999) ("Although the sovereign immunity of the States derives at least in part from the common-law tradition, the structure and history of the Constitution make clear that the immunity exists today by constitutional design."). Exceptions to sovereign immunity apply only when a litigant seeks injunctive relief, see Ex parte Young, 209 U.S. 123, 166 (1908), or when Congress has lawfully abrogated the State's immunity from suit. Alden, 527 U.S. at 730-31.

/ / /

---

[1] The Court also finds in any event that sovereign and judicial immunity would apply to any of other referenced potential claims.

A court may also dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P.12(b)(6). To survive dismissal under Rule 12(b)(6), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain detailed allegations, it must allege sufficient facts to "raise a right to relief above the speculative level." Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

### IV.   DISCUSSION

#### A.   Plaintiff's Claim Against Nevada Is Barred

Plaintiff's claims against the State of Nevada are barred as Nevada enjoys sovereign immunity against civil suits seeking damages like the one here. Alden, 527 U.S. at 733.  Plaintiff has not identified a legally recognized exception to Nevada's sovereign immunity in this case. His claims against the state of Nevada are therefore dismissed.

Plaintiff has not identified any excusable neglect for the undue delay in amending his complaint for the third time and for extending the discovery period.

#### B.   Plaintiff's Claim Against Judge Pomrenze is Barred

Plaintiff's claims against Judge Pomrenze are also barred pursuant to the doctrine of judicial immunity. "Judicial immunity is immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9. 11 (1991). A judge lacks immunity only "where he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "This immunity applies even when the judge is accused of acting maliciously and corruptly[.]" Pierson v. Ray, 386 U.S. 547, 554 (1967). In this

case, Plaintiff's allegations against Judge Pomrenze all relate to her actions as a judicial officer. Such claims are barred by absolute judicial immunity.

To the extent Plaintiff's claims against Judge Pomrenze are against her in her official capacity, this is equivalent to a suit against the state. Such as suit, as noted above, is barred in this case by sovereign immunity.

### C.  Motion for Default Judgment & Motion to Quash

The Motion for Default Judgment [ECF No. 13] is denied. The Court finds that Plaintiff did not properly serve Defendant State of Nevada. ECF No. 12. The Court also finds that Defendant has participated in this litigation, and it would be inappropriate to dismiss this case where Defendant has proffered a meritorious defense. The Motion to Quash [ECF No. 12] is therefore also granted as the Court has found that Defendant was not properly served.

### V.  CONCLUSION

**IT IS ORDERED** that Motions to Dismiss [ECF Nos. 19, 26] are GRANTED. Plaintiff is DENIED leave to amend his complaint as the Court does not find excusable neglect in this case and that amendment would be futile given the application of sovereign and judicial immunity.

**IT IS FURTHER ORDERED** that the Motion for Default Judgment [ECF No. 13] is DENIED. The Motion to Quash [ECF No. 12] is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

DATED: September 6, 2021.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**